**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50309 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-2240-CAB |
| v. | |
| JUAN FERNANDO LIZARRAGA-LEYVA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted January 8, 2018
Pasadena, California

Before: M. SMITH and FRIEDLAND, Circuit Judges, and RAKOFF,** Senior
District Judge.

Defendant Juan Fernando Lizarraga-Leyva appeals his conviction for

attempted illegal reentry in violation of 8 U.S.C. § 1326. In 2007, Lizarraga, a

citizen of Mexico, pleaded guilty to possession of methamphetamine for sale in

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jed S. Rakoff, Senior United States District Judge for
the Southern District of New York, sitting by designation.

violation of California Health & Safety Code § 11378. Lizarraga was then removed under 8 U.S.C. § 1228 because his 2007 conviction was deemed to be an "aggravated felony" under 8 U.S.C. § 1101(a)(43)B). In 2014, Lizarraga was apprehended while trying to reenter the United States, and charged with one count of attempted illegal reentry due to his prior removal. Lizarraga moved to dismiss the information, arguing that his prior removal was improper because his 2007 conviction was not an aggravated felony. The court denied Lizarraga's motion, and Lizarraga entered a conditional plea of guilty, preserving his right to appeal.

Lizarraga first argues that § 11378 is not categorically an aggravated felony because it criminalizes more conduct than its federal analog. *See Mellouli v. Lynch*, 135 S. Ct. 1980, 1986 (2015) (describing the categorical approach). We reject this argument for the reasons outlined in our decision issued this same day, *see United States v. Verduzco-Rangel*, 15-50559.

Lizarraga also argues that his 2007 conviction is not an aggravated felony because the Government cannot establish by clear and convincing evidence that the drug involved in his trafficking offense is also banned federally. "California state law treats the type of controlled substance as a separate element in prosecuting relevant drug offenses." *Padilla-Martinez v. Holder*, 770 F.3d 825, 831 n.3 (9th Cir. 2014). We therefore apply the "modified categorical approach," under which we may "determine which particular offense the noncitizen was convicted of" by

examining a limited set of documents underlying the conviction to assess whether it still qualifies as an aggravated felony. *Moncrieffe v. Holder*, 569 U.S. 184, 191 (2013). These documents include "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or [] some comparable judicial record of this information." *Shepard v. United States*, 544 U.S. 13, 26 (2005). "When a court using the modified categorical approach to determine whether an underlying conviction is a predicate offense relies solely on the link between the charging papers and the abstract of judgment, that link must be clear and convincing." *Medina-Lara v. Holder*, 771 F.3d 1106, 1113 (9th Cir. 2014).

Here, to prove that Lizarraga was in fact convicted of trafficking in methamphetamine, a substance barred under federal law, the Government relies on, among other things, an abstract of judgment, a felony complaint, and a change of plea form. The complaint contained only one count as to Lizarraga: Count One, which alleged that Lizarraga possessed methamphetamine for sale. The abstract of judgment shows that Lizarraga pleaded guilty to Count One. However, the space on the change of plea form where Lizarraga was meant to identify the count to which he was pleading was left blank. Lizarraga argues that this blank space introduces the possibility that he did not in fact plead to trafficking in methamphetamine. This argument is foreclosed by *Cabantac v. Holder*, in which

3

we held that "where, as here, the abstract of judgment . . . specifies that a defendant pleaded guilty to a particular count of the criminal complaint or indictment, we can consider the facts alleged in that count." 736 F.3d 787, 793-94 (9th Cir. 2013). Although the abstract of judgment did not itself specify which substance Lizarraga admitted to possessing, his complaint and change of plea form are sufficient to demonstrate that it was methamphetamine. *United States v. Valdavinos-Torres*, 704 F.3d 679, 687 (9th Cir. 2012). Moreover, Lizarraga was charged with only one count, so the blank space on the plea form introduces no ambiguity about the conduct to which he pleaded.

AFFIRMED.